# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLIE McCLAIN, JR., : CIVIL ACTION
:
v. :
: NO. 09-3213
THE BANK OF NEW YORK AS :
TRUSTEE FOR CWMBS 2006-R2, *et al.*, :

## MEMORANDUM OPINION

**Savage, J.**                                                                                April 29, 2010

In his *pro se* complaint characterized as an action brought under 42 U.S.C. § 1983, Charlie McClain, Jr. ("McClain") claims that the defendants violated his due process rights under the Fourteenth Amendment when they filed a foreclosure action in state court and obtained a default judgment against him. He seeks vacation of the foreclosure judgment entered in the Delaware County Court of Common Pleas and damages for violations of his constitutional rights. He has named as defendants the Bank of New York, Gerald Hassell, Jim Smith, Wells Fargo Home Mortgage ("Wells Fargo"), Mark Oman, Caroline Schuster, Sovereign Bank, John Killen, Joe Flynn, Joseph McGinn, the Department of the Treasury, Timothy Geithner and John Dugan.[1]

Sovereign Bank, John Killen and Joe Flynn filed an answer to the complaint. Defendants Wells Fargo, Mark Oman, Caroline Schuster, Gerald Hassell, Jim Smith, and the Bank of New York have moved to dismiss this action under Fed. R. Civ. P. 12(b)(1)

---

[1] McClain failed to serve the summons and the complaint on Joseph McGinn, the Department of Treasury, Timothy Geithner and John Dugan. After having been given additional time to accomplish service, McClain still did not do so. On January 25, 2010, McClain telephonically informed us that he was not pursuing claims against these defendants. Thus, the complaint was dismissed as to the unserved defendants.

contending that the *Rooker-Feldman* doctrine[2] bars this Court from exercising subject matter jurisdiction over McClain's claims against them. They also assert *res judicata* and argue that the complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

On December 30, 2009, McClain was ordered to respond to the motion to dismiss no later than January 15, 2010. He has not filed a response to the motion. Although the motion could be granted as uncontested, we shall, given McClain's *pro se* status, address it on the merits.

We conclude that the *Rooker-Feldman* doctrine deprives the federal district court of subject matter jurisdiction over the claims asserted against the moving defendants. Therefore, the motion to dismiss will be granted and the complaint as to the moving defendants will be dismissed.

**Background**

McClain entered into a loan transaction with Sovereign Bank, giving it a security interest in his property located in Delaware County, Pennsylvania. Sovereign Bank assigned the loan agreement and its security interest to Wells Fargo. Apparently, Wells Fargo assigned its interest to the Bank of New York.

After McClain defaulted on the loan payments, Bank of New York commenced a mortgage foreclosure action against McClain in the Delaware County Court of Common Pleas on March 18, 2008. Three months later, on June 18, 2008, the state court entered a default judgment against McClain for failure to answer. In execution of the judgment, the

---

[2] The Rooker-Feldman doctrine is based on two decisions by the United States Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

property was sold at a sheriff's sale to Bank of New York on December 8, 2008.

On January 12, 2009, the Bank of New York brought an ejectment action against McClain in the same state court. Summary judgment was granted in favor of the Bank of New York on May 29, 2009.

On July 21, 2009, sixteen months after the foreclosure action was started, McClain filed a motion in the ejectment action in the state court to dismiss the earlier foreclosure action. The motion was denied on October 13, 2009. McClain did not appeal or seek to set aside the judgment in the state court.

McClain filed this action on September 23, 2009, seeking relief under 42 U.S.C. § 1983. Although it is unclear from the complaint, we shall assume that McClain is seeking to have the state court judgment vacated and the sheriff sale set aside. He argues that he is entitled to relief under § 1983 because his Fourteenth Amendment due process rights were violated when the state court entered default judgment against him.

**Motion to Dismiss Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) attacking the court's jurisdiction is treated the same as a Rule 12(b)(6) motion. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). However, a jurisdictional motion challenging the factual underpinnings of a court's jurisdiction under Rule 12(b)(1) requires less deference to the plaintiff's complaint. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Because a "factual attack" in a Rule 12(b)(1) motion to dismiss addresses the court's power to hear the case, there is no presumption of truthfulness and we may consider materials outside the complaint to satisfy ourselves that the exercise of federal jurisdiction is proper. *Id*. at 139 and 145.

The plaintiff has the burden of persuading the court that it has jurisdiction. *Gould*, 220 F.3d at 178. However, consistent with the deferential standard, we shall keep McClain's *pro se* status in mind when we examine the facts relevant to subject matter jurisdiction under Rule 12(b)(1). *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) (*quoting Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 n. 16 (3d Cir. 1977)) (noting that there is a flexible form of the jurisdictional inquiry at the trial court level).

### Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). A federal district court lacks subject matter jurisdiction over an action seeking to appeal and reverse a state court decision. *See id*. at 293.

"[A] claim is barred by *Rooker-Feldman* under two circumstances: (1) 'if the federal claim was actually litigated in state court prior to the filing of the federal action' or (2) 'if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.'" *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (*quoting In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)). A federal claim is inextricably intertwined with a state court adjudication when, to grant relief, the federal court must either determine that the state court judgment was erroneously entered or take action that would negate the state court judgment. *Id*. (*quoting*

*In re Knapper*, 407 F.3d at 580). Thus, a federal court may not entertain a claim that would prevent, if relief were granted, "'a state court from enforcing its orders.'" *In re Knapper*, 407 F.3d at 581 (*quoting Walker v. Horn*, 385 F.3d 321, 330 (3d Cir. 2004)).

In a similar case, *In re Knapper*, the plaintiff brought an adversary action in a bankruptcy proceeding to set aside state court foreclosures and sheriff sales. *Id*. at 575-76. She grounded her claim as a constitutional one, alleging that her due process rights had been violated. *Id*. at 578. She claimed the state court never had jurisdiction over her because she had not been served with process. *Id*. at 577-78.

The Third Circuit held that plaintiff's claim was barred by the *Rooker-Feldman* doctrine. *Id*. at 581. It determined that although she did not actually litigate her federal claim in state court, she could prevail on the federal claim only if the federal court concluded "that the state court's default judgments were improperly obtained." *Id*. Thus, her federal claim was "inextricably intertwined" with the state court judgment, depriving the federal court of jurisdiction.

McClain's federal claim that his Fourteenth Amendment rights were violated when the state court entered judgment against him without allowing him to present evidence is similarly barred by the *Rooker-Feldman* doctrine. Although McClain's federal claim was not actually litigated in state court, it is "inextricably intertwined" with the default judgment entered by the state court. The only way he can prevail is if the federal court vacated the state court judgment. The federal court does not have the power to do so because it does not have subject matter jurisdiction over McClain's § 1983 claims. Therefore, the motion to dismiss will be granted and the action will be dismissed as to the moving defendants.