# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLIE McCLAIN, JR., | : CIVIL ACTION |
| v. | : |
| | : NO. 09-3213 |
| THE BANK OF NEW YORK AS TRUSTEE FOR CWMBS 2006-R2, *et al.*, | : |

## MEMORANDUM OPINION

Savage, J.                                                                                                                               August 18, 2010

In this *pro se* 42 U.S.C. § 1983 action, Charlie McClain, Jr. ("McClain") claims that the defendants violated his due process rights under the Fourteenth Amendment when they securitized his loan, filed a foreclosure action in state court and obtained a default judgment against him. He seeks vacation of the foreclosure judgment entered in the Delaware County Court of Common Pleas and damages for violations of his constitutional rights. He named as defendants the Bank of New York, Gerald Hassell, Jim Smith, Wells Fargo Home Mortgage ("Wells Fargo"), Mark Oman, Caroline Schuster, Sovereign Bank, John Killen, Joe Flynn, Joseph McGinn, the Department of the Treasury, Timothy Geithner and John Dugan.

McClain failed to serve the summons on the Department of Treasury, Joseph McGinn, Timothy Geithner and John Dugan. After having been given additional time to accomplish service, McClain failed to do so. On January 25, 2010, after McClain telephonically informed us that he was not pursuing claims against these defendants, the complaint was dismissed as to the unserved defendants. Later, on April 29, 2010, the motion to dismiss filed on behalf of Bank of New York, Wells Fargo, Mark Oman, Caroline

Schuster, Gerald Hassell and Jim Smith was granted.

The remaining defendants, Sovereign Bank, John Killen and Joe Flynn, have moved for summary judgment. They assert that the *Rooker-Feldman* doctrine bars the court from exercising subject matter jurisdiction over McClain's claims. They also contend that *res judicata* applies and that McClain has failed show that the defendants acted under the color of state law.

We conclude that the *Rooker-Feldman* doctrine deprives the court of subject matter jurisdiction over the claims asserted against the defendants. Because we do not have jurisdiction, we can not rule on the summary judgment motion. However, we shall dismiss this action for lack of subject matter jurisdiction.

## Facts

Although McClain did not respond to the moving defendants' Statement of Undisputed Facts, we do not treat them as conceded. Instead, we examine the pleadings, the exhibits and the state court records. As a result, the following facts, which are viewed in the light most favorable to McClain, are beyond dispute.

McClain entered into a mortgage agreement with Sovereign Bank for the property located in Delaware County, Pennsylvania. He executed and entered into a promissory note with Sovereign Bank on October 26, 2001. Sovereign Bank assigned the mortgage to Wells Fargo. Wells Fargo later assigned the mortgage to the Bank of New York.

After McClain defaulted on the loan payments, Bank of New York commenced a mortgage foreclosure action against McClain in the Delaware County Court of Common Pleas on March 18, 2008. On June 18, 2008, the state court entered a default judgement against McClain for failure to answer the complaint. In execution of the default judgment,

the property was sold at a sheriff's sale to the Bank of New York on December 8, 2008.

Bank of New York brought an ejectment action against McClain in the same state court on January 12, 2009. The court granted summary judgment in favor of the Bank of New York on May 29, 2009.

McClain filed the instant action on September 23, 2009, seeking relief under 42 U.S.C. § 1983. Although it is unclear from the complaint, we assume that McClain is seeking to vacate the state court judgment and to set aside the sheriff's sale. He asserts that he is entitled to relief under § 1983 because the defendants violated his Fourteenth Amendment rights when they securitized his loan, filed a foreclosure action and received a default judgment against him in state court.

## Lack of Subject Matter Jurisdiction

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). A federal district court lacks subject matter jurisdiction over an action seeking to appeal and reverse a state court decision. *See id.* at 293.

*Rooker-Feldman* deprives a federal court of jurisdiction where either: (1) the federal claim was litigated in state court before the federal action was filed; or (2) the federal claim is so inextricably intertwined with the state adjudication that granting federal relief can only be predicated upon a conviction that the state court was wrong. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009). A federal claim is inextricably intertwined with a state court adjudication when, to grant relief, the federal court must either determine that the state

court judgment was erroneously entered or take action that would negate the state court judgment. *Id*. (*quoting In re Knapper*, 407 F.3d at 580). Thus, a federal court may not entertain a claim that would nullify, if relief were granted, a state court's order. *In re Knapper*, 407 F.3d at 581.

In a similar case, *In re Knapper*, the plaintiff brought an adversary action in a bankruptcy proceeding to set aside state court foreclosures and sheriff sales. *Id*. at 575-76. She grounded her claim as a constitutional one, alleging that her due process rights had been violated. *Id*. at 578. She claimed the state court never had jurisdiction over her because she had not been served with process. *Id*. at 577-78.

The Third Circuit held that plaintiff's claim was barred by the *Rooker-Feldman* doctrine. *Id*. at 581. It determined that although she did not actually litigate her federal claim in state court, she could prevail on the federal claim only if the federal court concluded "that the state court's default judgments were improperly obtained." *Id*. Thus, her federal claim was "inextricably intertwined" with the state court judgment, depriving the federal court of jurisdiction.

McClain's federal claim that his Fourteenth Amendment rights were violated when the state court entered judgment against him without allowing him to present evidence is similarly barred by the *Rooker-Feldman* doctrine. Although McClain's federal claim was not actually litigated in state court, it is "inextricably intertwined" with the default judgment entered by the state court. The only way he can prevail is if the federal court vacated the state court judgment. The federal court does not have the power to do so because it does not have subject matter jurisdiction over McClain's § 1983 claims. Therefore, this action will be dismissed.